## SULLIVAN v. TIPPS.

No. 15649—Opinion Filed Sept. 8, 1925.

Rehearing Denied Oct. 6, 1925.

(Syllabus.)

**1. Appeal and Error—Review—Conclusiveness of Verdict.**

A judgment of the court based upon the verdict of a jury in a law action will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Same—Verdict Sustained.**

Record examined; held, to be sufficient to support the verdict for plaintiff.

Error from County Court, Carter County; A. J. Hardy, Judge.

Action by C. T. Tipps against C. F. Sullivan. Judgment for plaintiff, and defendant brings error. Affirmed.

A. B. Riddle and F. M. Dudley, for plaintiff in error.

S. J. Castleman, for defendant in error.

MASON, J. The defendant in error commenced this action in the court below against the plaintiff in error, as defendant, alleging, in substance, that he was in the legal possession of certain farming lands (described) and that on and prior to the first day of November, 1923, he had planted, cultivated, and had growing thereon 30 acres of cotton, 20 acres of corn, and other feed crops. He further alleged that the defendant was the owner of from 200 to 400 head of cattle, and that on or about said date said cattle broke through the inclosure around plaintiff's farm and destroyed all of said crops, which he valued at $600.

The case was tried by the jury, and judgment in favor of the plaintiff was rendered on the jury's verdict for $478.

The defendant has duly perfected his appeal, and for reversal assigns several assignments of error, all of which may be considered under the following: The plaintiff did not prove damages in excess of $40, and the verdict of the jury is therefore excessive and not sustained by the evidence.

The evidence discloses about the following facts, to wit: Plaintiff had planted, cultivated, and had growing on his farm 30 acres of cotton, which was as good or better than the other cotton in that neighborhood; that the average cotton in that vicinity made one-fourth of a bale to the acre; that 1,000 pounds of cotton had been picked and piled up on the premises; that the rest had not

been picked, but was in the field. That the market price of cotton was 27 to 32 cents, or $150 per bale. The evidence further discloses that the plaintiff had 20 acres of corn in the field, or about 100 bushels, the market value of which in that vicinity was $1 per bushel, and that he had, a stubble field and pasture, the market value of which was from $25 to $40. The evidence is ample to warrant the jury in finding the foregoing facts and that all of said crops were destroyed by cattle owned by the defendant.

The defendant, however, contends that damages to the cotton and the corn have not been legally shown, for the reason that the plaintiff produced no witness who stated his opinion of the value of the cotton or corn, in its then condition, at the time it was destroyed. Several witnesses for the plaintiff testified as to the market value of cotton and corn in that vicinity, and some stated that their testimony was based on the market value at the town of Wilson, which was the nearest market to the plaintiff's farm and some seven miles therefrom.

The plaintiff in error contends that the cost of gathering and transporting said crops to market was a material item to be proved by the plaintiff and considered by the jury in fixing the value of said crops as of the time of the loss. It is further urged that in the absence of such proof the jury was without sufficient proof to fix the damages suffered by the plaintiff by reason of the destruction of the cotton and corn.

In support of this contention plaintiff in error cites C., R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, 25 L. R. A. (N. S.) 879, wherein the third paragraph of the syllabus provides as follows:

"The measure of damages for the destruction of a growing crop is its value at the time and place, and in the condition it was in, when destroyed. * * *

"It is permissible as a means of arriving at the value of a growing crop to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market, the difference between the value of the probable crop in the market, and the expense of maturing and placing it there in most cases will give the value of the growing crop with as much certainty as can be obtained by any other method."

This, however, is not the only method to establish the value of a growing crop at the time of its destruction. Courts are compelled to resort to several methods of computation, either of which under certain conditions may afford a fair basis. The value of a growing crop at any certain period of its development depends upon its prospect of a yield, and the probable value thereof, but many other factors may enter into and influence this prospect.

The destruction complained of in the case at bar occurred on November 1st and we will take knowledge of the fact that the cotton and corn crops are matured on that date. The only items to be considered, then, are the cost of gathering the ungathered portion of said crops and transporting said crops to market. A better practice would require the proof of these items in order to assist the jury in arriving at the value of said crops under the rule announced in C., R. I. & P. Ry. Co. v. Johnson, supra. However, an examination of the record does not disclose that this question, relative to the measure of damages, was raised in the trial court. The principal controversy in the trial court appears to have been over the amount of the crops alleged to have been destroyed, and not the market value thereof. The trial court in his instructions to the jury gives no measure of damages other than to state the issues and to advise the jury that their verdict must be based on the evidence in the case. No objection to said instructions was made by the defendant. Nor did the defendant request any instructions. If the defendant was insisting on the measure of damages as announced in C., R. I. & P. Ry. Co. v. Johnson, supra, he should have prepared an instruction along those lines which he should have requested the trial court to give as a part of the court's instructions, but it appears that the defendant was satisfied with the instructions as given by the court. If the defendant was satisfied at that time to so measure the loss, he ought not now be allowed to reverse the case for an error in which he acquiesced and of which he did not complain.

It does not appear to us that an unjust verdict has been rendered in this case, and so believing, we will hold the parties to the theory on which they tried the case in the lower court.

This court is also committed to the rule which has been announced many times, that a judgment of the court based upon the verdict of a jury in a law action will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury.

There is ample evidence in the instant case to bring this case under the foregoing rule.

The judgment of the trial court is therefore affirmed.

HARRISON, PHELPS, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90. 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 853, § 2834.